## Emil Otterbeck et al., Appellees, v. Evans Larson, Appellant.

### Gen. No. 21,368.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded with directions. Opinion filed January 3, 1916.

### Statement of the Case.

Suit by Emil Otterbeck and others, beneficiaries under the will of Lauritz Mortensen, against Evans Larson, trustee under the will, for an accounting.

On August 24, 1908, Lauritz Mortensen died. The evidence showed that by the will it was provided that after the payment of debts and funeral expenses

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$1,500 should be paid to defendant; that defendant should take possession of all the rest and residue of the estate and hold it in trust for a period of five years, with power to rent, repair and sell, "and to do whatever else he deems best for the interest of said estate," compensation to be paid defendant for managing said estate at the rate of three per cent. at the end of each year on the fair cash value of said estate. He was not required to give bond. The will further provided that at the end of five years after the death of the testator said estate should be divided equally among Anna Marie Larson, wife of the defendant and niece of the testator, Lotta Nelson, a niece of the testator, Emil Otterbeck, a nephew, Edward Otterbeck, a brother, and Mathilda Otterbeck, wife of Edward. Defendant was appointed executor of the will without bond.

On May 4, 1911, the above named beneficiaries, except Anna Marie Larson, filed their bill in chancery, charging that said defendant as trustee had received considerable sums of money of the estate and had converted the same to his own use; that he had concealed trust property and was insolvent and not under bond. They prayed among other things that he be required to set forth a true and perfect account of all the trust funds and be decreed to pay what is due from him. Answer and replication were filed, and on November 13, 1911, the court entered an order finding that the said defendant had never rendered an account of the trust property to the beneficiaries, and ordered that the cause be referred to a master in chancery to take an account of all the trust property. The master heard evidence and filed his report with his conclusions, and stated the account of the trustee, finding the net balance due from him to be $6,403.75. The defendant filed objections to this report, which afterwards by order stood as exceptions. The complainants filed no objections or exceptions. Subsequently the court entered a decree overruling all exceptions to the

report and confirmed the same except as to certain items. From this decree, defendant appeals.

ERNEST R. FIFER, for appellant; JENNINGS & FIFER, of counsel.

WILLIAM REEDA, for appellees; PARK PHIPPS, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. TRUSTS, § 222*—*when allowance to trustee for litigation improper.* Attorneys' fees and expenses of a trustee in a litigation attacking the constitutionality of the Act of 1909, bringing trusteeships under jurisdiction of the Probate Court, *held* not properly allowed because not for the interest of the trust estate.

2. TRUSTS, § 222*—*when allowance improper.* Allowance to trustee of $50 for attorneys' fees improper where the trustee had already obtained sound and correct advice on the subject from another attorney.

3. TRUSTS, § 222*—*when allowance of fees in criminal proceeding against trustee improper.* Allowance of atorneys' fees in criminal prosecution against trustee properly disallowed as not being for benefit of trust estate.

4. TRUSTS, § 222*—*when allowance of solicitors' fees improper.* Allowance of solicitors' fees in proceeding made necessary by unreasonable refusal of trustee to give proper information to beneficiaries as to management of· trust estate and by his improper disposition of considerable portions of trust funds properly disallowed.

5. TRUSTS, § 221*—*when credit property not allowed to trustee.* In an action for the beneficiaries against the trustee of an estate for the conversion and concealment of trust property of an estate under which he received a legacy, the fact that if defendant should account for all of the personal property of the estate there would be left, after the payment of all claims and costs, a balance applicable to the payment of his legacy, does not entitle him to be credited in his trusteeship account with the deficit between the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

amount of the legacy and the amount which could be credited thereto.

6. TRUSTS, § 230*—*when credit for interest improperly allowed.* Credit for an overcharge for interest based on an allowance improperly made to trustee should not be allowed.

7. EQUITY, § 431*—*when rights waived by failure to object or except.* In a suit by the beneficiaries of a will against the trustee for an accounting which is referred to a master to take account of the trust property, where complainants make no objection before the master as to certain items of credit and no exceptions to the court to the allowance of these items, they cannot be questioned on appeal.

8. TRUSTS, § 221*—*when trustee not entitled to credit for difference between the amounts collected and amounts for which sale could be made.* In a suit by the beneficiaries under a will against the trustee for an accounting where it appeared that defendant sold accounts of the estate, but that the beneficiaries objected to the sale on the ground of the amount received therefor, and that thereupon the trustee recalled the sale and subsequently was able to collect only a smaller amount, he is not entitled to a credit for the difference between the amount for which the accounts could have been sold by him and the amount collected.

9. TRUSTS, § 233*—*when investment not exercise of reasonable discretion.* Evidence examined and *held* to show that an investment claimed by the trustee to have been made in securities of a foreign corporation was not proven, if made, was not in exercise of sound judgment and reasonable discretion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.